An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SOUTH STRIP PARTNERSHIP II, A NEVADA GENERAL PARTNERSHIP; ADMIRAL, LLC, A NEVADA LIMITED LIABILITY COMPANY; DAVID L. ROSENZWEIG, AN INDIVIDUAL; AND JAY C. CONE, AN INDIVIDUAL, Appellants, vs. CITY NATIONAL BANK, SUCCESSOR-IN-INTEREST TO SUN WEST BANK, A NEVADA CORPORATION, Respondent. | No. 60422 |

**FILED**

JUN 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

No. 60767

| | |
|---|---|
| SOUTH STRIP PARTNERSHIP II, A NEVADA GENERAL PARTNERSHIP; ADMIRAL, LLC, A NEVADA LIMITED LIABILITY COMPANY; DAVID L. ROSENZWEIG, AN INDIVIDUAL; AND JAY C. CONE, AN INDIVIDUAL, Appellants, vs. CITY NATIONAL BANK, SUCCESSOR-IN-INTEREST TO SUN WEST BANK, A NEVADA CORPORATION, Respondent. | |

## ORDER DISMISSING APPEALS

These are consolidated appeals from a district court deficiency judgment and a post-judgment order awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

When our preliminary review of the docketing statements and the NRAP 3(g) documents reveals a potential jurisdictional defect, we ordered appellants to show cause why these appeals should not be dismissed for lack of jurisdiction. Specifically, it appeared that the district court had not entered a final, written judgment adjudicating all the rights and liabilities of all the parties, and the district court did not certify its

13-17801

judgment as final pursuant to NRCP 54(b). NRAP 3A(b)(1); NRAP 3A(b)(8); *Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000). The following appeared to remain pending below: respondent's claim for a deficiency judgment against appellant South Strip Partnership II. We noted that, while the district court's order awarded a judgment against the guarantor appellants, the judgment did not mention the borrower, South Strip Partnership II.

In its January 23, 2013, response to our show cause order, respondent City National Bank indicates that, while judgment was orally rendered against South Strip Partnership II, that entity's name was inadvertently omitted from the judgment. City National Bank asks this court to stay the appeal and/or remand the matter to the district court to correct the judgment. No certification or other indication of the district court's inclination to grant relief was attached. To date, appellants have not responded to our show cause order, and it appears that no further filings or proceedings have occurred in the district court. Accordingly, as no written judgment or other order formally disposing of the claims against South Strip Partnership II has been entered, no final judgment exists. *Lee*, 116 Nev. 424, 996 P.2d 416. Since no final judgment exists, the district court retains jurisdiction, and no remand is necessary. As we lack jurisdiction, we

ORDER these appeals DISMISSED.

_____, J.
Hardesty

_____, J.                 _____, J.
Parraguirre                                              Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Douglas W. Herndon, District Judge
       Robert F. Saint-Aubin, Settlement Judge
       Ales & Bryson
       Holland & Hart LLP/Las Vegas
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A